# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| **In re:** | : | **Case No. 02-26645 JAD** |
| **K & J COAL CO., INC.** | : | |
| | : | **Chapter 11** |
| **Debtor** | : | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| **K & J COAL CO., INC.** | : | |
| | : | **Doc. No. ___** |
| **Movant** | : | |
| | : | **Hearing Date: 7-28-2017** |
| **v.** | : | |
| | : | **Time: 10:00 A.M.** |
| **CAMBRIA COUNTY RECREATION** | : | |
| **AND CONSERVATION AUTHORITY;** | : | |
| **CAMBRIA COUNTY TAX CLAIM** | : | |
| **BUREAU; CAMBRIA COUNTY;** | : | |
| **CHEST TOWNSHIP; CAMBRIA** | : | |
| **HEIGHTS SCHOOL DISTRICT;** | : | |
| **CLEARFIELD COUNTY TAX CLAIM** | : | |
| **BUREAU; CLEARFIELD COUNTY;** | : | |
| **CHEST TOWNSHIP; AND HARMONY** | : | |
| **AREA SCHOOL DISTRICT** | : | |
| **Respondents** | : | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**<u>REORGANIZED DEBTOR'S APPLICATION TO EMPLOY SHALE CONSULTANTS, LLC, d/b/a CX-ENERGY AS BROKER AND TO APPROVE SALE OF REORGANIZED DEBTOR'S INTEREST IN COAL, SUPPORT, OIL, GAS AND MINERAL ESTATES, TOGETHER WITH RELATED ACCESS, SURFACE, DRILLING AND REMOVAL RIGHTS TO EACH TRACT AS ARE HELD BY THE REORGANIZED DEBTOR FREE AND CLEAR OF LIENS, CLAIMS, OR</u>**

1

**ENCUMBRANCES EXCEPT FOR INTEREST OF CAMBRIA COUNTY RECREATION AND CONSERVATION AUTHORITY**

COMES NOW K&J Coal Co., Inc., a Reorganized Debtor, by and through its attorneys, James R. Walsh, Esquire, Spence, Custer, Saylor, Wolfe & Rose, LLC, and does file the within Reorganized Debtor's Application to Employ Shale Consultants, LLC, d/b/a CX-Energy as Broker and to Approve Sale of Reorganized Debtor's Interest In Coal, Support, Oil, Gas And Mineral Estates, Together With Related Access, Surface, Drilling And Removal Rights To Each Tract As Are held By The Reorganized Debtor Free And Clear Of Liens, Claims Or Encumbrances Except For Interest Of Cambria County Recreation And Conservation Authority in the above-referenced case, upon a cause whereof the following is a statement to wit:

1. The above-captioned case was commenced by the Debtor's filing of a voluntary petition for relief, pursuant to the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. Section 101 et seq., on July 19, 2002.

2. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

3. Venue is proper pursuant to 28 U.S.C. §1409(a).

4. The Debtor remained in control of its assets and manages its affairs as a Debtor-In-Possession with all of the rights and duties of such an entity pursuant to 11 U.S.C. § 1107.

5. Respondent, the Cambria County Recreation & Conservation Authority ("Authority") is a municipal authority organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address of Attn: George Gvozdich, Esquire, Solicitor, Cambria County Human Services Building, 401 Candlelight Drive, Suite 240, Ebensburg, Pa., 15931.

6. Respondent, Cambria County Tax Claim Bureau ("Cambria Bureau") is an entity created by statute for the collection of delinquent real estate taxes in Cambria County and has a

2

mailing address of Attn: JoAnne Ranck, Director, Cambria County Court House, 200 South Center Street, Ebensburg, Pa.., 15931.

7. Respondent, Cambria County ("Cambria County") is a municipal corporation with a business address of Attn: William Gleason Barbin, Esquire, Solicitor, Commissioners Office, Cambria County Court House, 200 South Center Street, Ebensburg, Pa., 15931.

8. Respondent, Cambria Heights School District ("Cambria Heights") is a school district created under the laws of the Commonwealth of Pa., with a business address of Attn: Michael Strasser, Superintendent, 426 Glendale Lake Road, Patton, Pa., 16668.

9. Respondent, Chest Township ("Chest Cambria") is a municipal corporation with a business office of attn: David Schaefffer, Supervisor, and P.O. Box 103, Flinton, Pa., 16648.

10. Respondent, Clearfield County Tax Claim Bureau ("Clearfield Bureau") is an entity created by statute for the collection of delinquent real estate taxes in Clearfield County and has a mailing address of attn: Jennifer Wooster, Director, 230 East Market Street, Suite 117, Clearfield, Pa., 16830.

11. Respondent, Clearfield County ("Clearfield County") is a municipal corporation with a business office of c/o attn: John Sobel, Commissioner, Commissioners Office, 212 East Locust St., Suite 112, Clearfield, Pa., 16830.

12. Respondent, Harmony Area School District ("Harmony Area") is a school district created under the laws of the Commonwealth of Pa., with a business address of Attn: Mrs. Terry Young, Superintendent, 5239 Ridge Road, Westover, Pa., 16692.

13. Respondent, Chest Township ("Chest Clearfield") is a municipal corporation with a business address of attn: Dan Sunderland, Supervisor, 2406 McPherron Road, La Jose, Pa., 15753.

14. At the time of the commencement of the instant case K&J was the owner of certain coal interests, mining rights, support rights, surface rights, access rights, removal rights, oil rights, gas rights, mineral rights and related drilling, access and removal rights to lands situate in Chest Township, Cambria County, Pennsylvania, and Chest Township, Clearfield County, Pennsylvania, consisting of 5,602.764 acres as set forth on Ex. "A" attached to this Motion/Application.

15. K&J thereafter filed a Plan of Reorganization under Chapter 11 of Title 11 of the U.S. Code, 11 U.S.C. Section 101, et seq dated as of August 31, 2003, and the same was scheduled for a confirmation hearing on February 9, 2004.

16. After due and proper notice as required by law, the Bankruptcy Court approved and confirmed the Debtor-In-Possession's Plan Of Reorganization dated August 31, 2003, As Amended December 8, 2003, As Amended By The Order Of Confirmation Dated February 9, 2004 via the Court's Order of February 9, 2004.

17. The said Plan Of Reorganization provided, inter alia, for the Debtor to expose to sale its remaining real estate holdings, which included the interests referred to in Par. 14 supra and Ex. "A" of the same, and for the Bankruptcy Court to retain jurisdiction to authorize, approve and confirm said sales.

18. The Reorganized Debtor has been marketing the interests referred to in Par. 14 supra and Ex. "A" of the same since confirmation, however, it had not located buyers for the same.

19. The Reorganized Debtor's management, after consulting with Shale Consultants, LLC, d/b/a CX-Energy, an established auctioneer of coal, mining, oil and gas rights that the best interests of the creditors of the estate and the Reorganized Debtor will be furthered by the retention of Shale Consultant, LLC. upon the terms of the Oil And Gas Listing Agreement

attached heretofore approved by the Court to serve as auctioneer for said rights, which rights shall be sold via an "on-line" auction to be conducted by Shale Consultants, LLC upon the terms set forth in said Ex. "B", which sale by auction shall be with a reserve of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00), to be advertised in accord with this Court's rules and upon its web site, as well as as determined by Shale Consultants, LLC in consultation with management of the Reorganized Debtor for such additional marketing and advertising as they may determine will be in the best interest of the sale of such rights, to be conducted on or about March 31, 2017 as proposed in said Listing Agreement.

20. The said auction was conducted as authorized by the Court's Order, however the auction did not result in the sale price reaching the reserve price, and therefore auction sale was completed.

21. Since the auction sale of March 31, 20017 was not successful, the Reorganized Debtor's management, with the assistance of Shale Consultants, LLC have been negotiating with various interested parties to reach a negotiated sale of the subject assets.

22. Attached to the previous Motion as Ex. "C" was the Affidavit of William Smith, of Shale Consultant, LLC attesting to the lack of any adverse interest and the disinterestedness of William Smith, the other employees of Shale Consultant, LLC, and Shale Consultants, LLC itself.

23. An Amendment to the Listing Agreement previously approved, which authorized and approved the payment of a Buyer's Premium of 10% of the Sales Price, has been negotiated, which modifies the applicable commission to 6% of the highest and best offer brought by Shale Consultants, LLC up to one hour prior to the time of the sale to be conducted before this Court.

24. The Reorganized Debtor, with the assistance of Shale Consultant, LLC has, after negotiating with several parties, entered into, subject to the Court's approval, a Purchase And Sale Agreement for the sale and purchase of the subject assets, with Buffalo Valley, Ltd., a Limited Partnership, for a sale/purchase price of $900,000.00, to be paid as provided for in the Agreement attached.

25. To assure that the highest and best price is obtained, the sale will be subject to higher and better offers being made at the time of sale.

26. The sale of the interests being sold at the sale shall be a sale free and clear of all liens, claims, charges and interests of third parties, specifically including the interests of Respondents above named, which shall be divested from the assets being sold and attach to the proceeds of sale, excepting only the obligations to pay the owner of certain surface rights, to wit, the Cambria County Recreation & Conservation Authority the fifteen (15%) percent royalty interest as set forth in the deed from K&J to the Authority and under and subject to all presently existing and valid production agreements, contracts, operating agreements which relate to said interests, all of which shall be assumed and fulfilled by the successful bidder.

27. K&J believes and therefore avers that with the exception of the royalty interests due the said Authority, that none of the named Respondents has any liens or encumbrances against said property interests.

28. Section 327(a) of the Bankruptcy Code provides that "[t]he trustee, with the Court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

29. The Court previously authorized and approved the retention of Shale Consultant, LLC, and under this Motion, the compensation to be paid to Shale Consultant, LLC is being reduced by 4%.

30. The Reorganized Debtor believes and therefore avers that the aforesaid method of sale is fair and reasonable, and in the best interest of the Reorganized Debtor, the estate and its creditors, and will assure that the highest and best prices for the property interests is obtained.

31. The proceeds of Sale shall be applied as follows:

   a. First, 6% of the gross sales proceeds on the highest and best offer brought to the Reorganized Debtor at least one hour prior to the sale shall be paid to the Broker as its commission for services rendered to the Seller at Closing.

   b. Next, the remaining proceeds shall be applied to the costs and expenses of sale, which include but are not limited to advertising, printing, mailing and notice fees incurred by the Reorganized and counsel to the Reorganized Debtor, the Reorganized Debtor's attorneys' fees for services rendered in connection with the proposed Auction and closing thereon, including the preparation of the necessary pleadings, bills of sale, reports of sale, and the like;[1]

   c. Next, to lien holders, if any, in the order of the priority of their liens, with undisputed amounts due upon undisputed liens to be paid at closing and the amounts due upon disputed liens or upon disputed amounts to be retained in an estate account pending a determination of the parties' rights with respect thereto; and

---

[1] Such amounts shall be retained in an estate account but not paid out until such fees are approved by the Court for payment after Motion duly filed, notice and a hearing.

    d. Any remaining proceeds will be retained in an estate account and distributed in accord with the approved Plan of Confirmation.

32. The Reorganized Debtor believes that all of the parties participating in the auction will be good faith buyers, entitled to all of the protections and benefits accorded such buyers pursuant to 11 U.S.C. Section 363(m).  <u>In re Abbotts Dairies of Pennsylvania, Inc.</u>, 788 F.2d 143 (3d. Cir. 1986).

33. The Reorganized Debtor believes and therefore avers that the best interests of this estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of the property interests described in Par. 14 and Ex. "A", free and clear of all third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to those of all parties named as Respondent(s) hereto as set forth above, except as noted supra.

**WHEREFORE**, the Reorganized respectfully requests that the Court to enter the Order attached granting the relief requested, and further, it authorizes its counsel to file the within Application/Motion on its behalf.

Dated:  June 24, 2017                    Respectfully Submitted,

                                        Spence, Custer, Saylor, Wolfe & Rose, LLC
                                        By:<u>/s/ James R. Walsh,</u>
                                        James R. Walsh, Esquire
                                        PA ID # 27901
                                        1067 Menoher Blvd.
                                        Johnstown, PA 15905
                                        Tel: 814.536.0735
                                        Fax: 814.539.1423
                                        Jwalsh@spencecuster.com
                                        Counsel for Reorganized Debtor/Movant