```
                    IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*********************************************************************
                                          )
IN RE:                                    )
                                          )
K & J COAL CO., INC.                      )    Bktcy. 02- 26645 JAD
                                          )
        DEBTOR                            )
                                          )
*************************************************************
                                          )
                                          )
K & J COAL CO., INC.                      )
                                          )
        Movant                            )
                                          )    Dkt.
                                          )
        v.                                )
                                          )
COMMONWEALTH OF PENNSYLVANIA,             )    Hearing Date: 11-2-18
DEPARTMENT OF ENVIRONMENTAL               )
PROTECTION; CLEARFIELD COUNTY             )    Hearing Time: 10:30 a.m.
TAX CLAIM BUREAU; CLEARFIELD COUNTY;      )
CHEST TOWNSHIP; HARMONY AREA SCHOOL       )
DISTRICT; AND PHILIP M. WOO, DMD          )
AND ELIZABETH A. WOO, HUSBAND and WIFE)
                                          )
        Respondents                       )
                                          )
*********************************************************************
```

MOTION OF REORGANIZED DEBTOR TO SELL NON-RESIDENTIAL REALTY FREE

AND CLEAR OF LIENS, CLAIMS, CHARGES OR ENCUMBRANCES OF THIRD

PARTIES AGAINST THE REORGANIZED DEBTOR'S INTEREST IN THE SAME

COMES NOW the above Reorganized Debtor, the Movant above named, by and through its attorneys, Spence, Custer, Saylor, Wolfe and Rose, LLC, and does file the within Motion Of Reorganized Debtor To Sell Non-Residential Realty Free And Clear Of Liens, Claims, Charges Or Encumbrances Of Third Parties Against The

Debtor's Interest, upon a cause whereof the following is a statement, to wit:

1. The above-captioned case was commenced by the Debtor's filing of a voluntary petition for relief, pursuant to the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. Section 101 et seq., on July 19, 2002.

2. This proceeding is a "core" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

3. Venue is proper pursuant to 28 U.S.C. §1409(a).

4. The Debtor remained in control of its assets and manages its affairs as a Debtor-In-Possession with all of the rights and duties of such an entity pursuant to 11 U.S.C. § 1107.

5. Respondent, Clearfield County Tax Claim Bureau ("Clearfield Bureau") is an entity created by statute for the collection of delinquent real estate taxes in Clearfield County and has a mailing address of attn: Jennifer Wooster, Director, 230 East Market Street, Suite 117, Clearfield, Pa., 16830.

6. Respondent, Clearfield County ("Clearfield County") is a municipal corporation with a business office of c/o attn: John Sobel, Commissioner, Commissioners Office, 212 East Locust St., Suite 112, Clearfield, Pa., 16830.

7. Respondent, Harmony Area School District ("Harmony Area") is a school district created under the laws of the Commonwealth of Pa., with a business address of Attn: Mrs. Terry Young, Superintendent, 5239 Ridge Road, Westover, Pa., 16692.

8. Respondent, Chest Township ("Chest Clearfield") is a

municipal corporation with a business address of attn: Dan Sunderland, Supervisor, 2406 McPherron Road, La Jose, Pa., 15753.

9. Respondents, Philip M. Woo, DMD and Elizabeth A. Woo and individuals who are husband and wife, and have a mailing address of 604 Laurelbrook Road, Ebensburg, Pa., 15931.

10. At the time of the commencement of the instant case K&J was the owner of certain real estate and related rights situate in Chest Township, Clearfield County, Pennsylvania, to wit:

(i) Tax I.D. # 109-E15-00013, Control # 109050558, containing 71 acres, +/-, and being described more fully in Deed recorded in the Office of the Recorder of Deeds of Clearfield County, Pa. in D.B.V. 1336 at page 196;

(ii) Tax I.D. # 109-E15-00015, Control # 109050559, containing 10 acres, +/-, and being  described more fully in Deed recorded in the Office Of The Recorder Of Deeds Of Clearfield County, Pa. in D.B.V. 1336 at page 196; and

(iii) Tax I.D. # 109-E15-00016.1, Control # 109051262, containing 36.42 acres, +/-, and being described more fully in Deed recorded in the Office of the Recorder of Deeds of Clearfield County, Pa. in D.B.V. 1336 at page 196;

(iv) Tax I.D. 1090E1500000005, containing 46.3 acres, and being described in Deed recorded in the Office of the Recorder of Deeds of Clearfield County, Pa., in D.B.V. 1378 at page 450

11.  K&J thereafter filed a Plan of Reorganization under Chapter 11 of Title 11 of the U.S. Code, 11 U.S.C. Section 101, et seq dated as of August 31, 2003, and the same was scheduled for a

confirmation hearing on February 9, 2004.

12. After due and proper notice as required by law, the Bankruptcy Court approved and confirmed the Debtor-In-Possession's Plan Of Reorganization dated August 31, 2003, As Amended December 8, 2003, As Amended By The Order Of Confirmation Dated February 9, 2004 via the Court's Order of February 9, 2004.

13. The said Plan Of Reorganization provided, inter alia, for the Debtor to expose to sale its remaining real estate holdings, which included the interests referred to in Par. 10 supra, and for the Bankruptcy Court to retain jurisdiction to authorize, approve and confirm said sales.

14. The Reorganized Debtor has been marketing the interests referred to in Par.10 supra since as of the date of confirmation, it had not yet located buyers for the same.

15. The Reorganized Debtor's management has determined that the best interests of the creditors of the estate and the Reorganized Debtor will be furthered by the by the exposure of the above described real estate to sale before this Court.

16. The Reorganized Debtor has, with the assistance of Shale Consultants, LLC, d/b/a CX-Energy, received an offer to purchase the subject realty described in Par. 10 from Philip M. Woo, DMD and Elizabeth A. Woo, husband and wife, for the sum of $40,000.00.

17. The sale of the interests being sold at the sale shall be a sale free and clear of all liens, claims, charges and interests of third parties, specifically including the interests of Respondents above named, excepting the interests of Mr. and Mrs.

Woo if they are the maker of the highest and best offer at the time of sale and they timely close, which shall be divested from the assets being sold and attach to the proceeds of sale, as well as excepting the Leasehold interests of the Lessee of the Coal and coal removal rights, the provisions of which are incorporated herein by reference, all of which shall be assumed and fulfilled by the successful bidder.

18. K&J believes that with the exception of the said Leasehold interest, that none of the named Respondents has any liens or encumbrances against said property interests.

19. The Reorganized Debtor believes that the aforesaid method of sale is fair and reasonable, and in the best interest of the Reorganized Debtor, the estate and its creditors, and will assure that the highest and best prices for the property interests is obtained.

20. The proceeds of Sale shall be applied as follows:

    a. the proceeds shall be applied to the costs and expenses of sale, which include but are not limited to advertising, printing, mailing and notice fees incurred by the Reorganized and counsel to the Reorganized Debtor, the Reorganized Debtor's attorneys' fees for services rendered in connection with the proposed sale and closing thereon, including the preparation of the necessary

        pleadings, bills of sale, reports of sale, and the like;1

  b.   Next, to lien holders, if any, in the order of the priority of their liens, with undisputed amounts due upon undisputed liens to be paid at closing and the amounts due upon disputed liens or upon disputed amounts to be retained in an estate account pending a determination of the parties' rights with respect thereto; and

  c.   Any remaining proceeds will be retained in an estate account and distributed in accord with the approved Plan of Confirmation.

21. Closing shall occur within 120 days of this Order becoming a Final Order of Court.

22. The Reorganized Debtor believes that the Purchaser(s) aforenamed are good faith buyers, entitled to all of the protections and benefits accorded such buyers pursuant to 11 U.S.C. Section 363(m). <u>In re Abbotts Dairies of Pennsylvania, Inc.</u>, 788 F.2d 143 (3d. Cir. 1986).

23. The Reorganized Debtor believes that the best interests of this estate and its creditors will be served by this Court, pursuant to 11 U.S.C. §363(b), authorizing the sale of the property interests described in Par. 10, free and clear of all

---

1 Such amounts shall be retained in an estate account but not paid out until such fees are approved by the Court for payment after Motion duly filed, notice and a hearing.

third party interests, liens, claims, charges and/or encumbrances against the same, specifically including but not limited to those of all parties named as Respondent(s) hereto as set forth above, except as noted supra.

24. The Reorganized Debtor further avers that as the within sale and transfer is made under and pursuant to a Plan of Reorganization approved and confirmed by the Bankruptcy Court for the Western District of Pennsylvania, to wit, the Plan of Reorganization Dated As of August 31, 2003, As Amended December 8, 2003, as further amended by the Order of Confirmation, (hereinafter the "Plan"), no real estate transfer taxes shall be applicable hereto pursuant to 11 U.S.C. Section 1146(c), this sale having been made and effected in furtherance of an approved and confirmed Plan of Reorganization **See, In re Hechinger Inv. Co. of Delaware, Inc.**, 335 F.3d 243 (3rd Circ., 2003).

25. The sale shall be effected by the execution and delivery of a Reorganized Debtor's Special Warranty Deed.

26. The buyers shall be required to deposit a down payment of $1,000.00, which shall be held in escrow pending closing by counsel for the Reorganized Debtor.

27. Possession shall be delivered at closing, which shall occur, within said time frame, at a mutually agreeable time at the offices of James R. Walsh, Esquire, Spence, Custer, Saylor, Wolfe and Rose, LLC, 1067 Menoher Blvd., Johnstown, Pennsylvania, 15905, or such other location as may be agreed upon by the parties.

28. Title shall be conveyed By Reorganized Debtor's Special Warranty Deed, and the Reorganized Debtor is, pursuant to Section 363(b), specifically accorded the authority to convey the premises described above, together with related rights of way and easements, under and subject to the existing rights of way, restrictions and easements, if any, as appear or record or as may be apparent from an inspection of the Premises, it being noted that the Reorganized Debtor's interest in the timber and timber rights shall be included in the sale, however, the coal, mining, support, gas and gas removal rights shall be excepted and reserved, to the extent the same were heretofore transferred or excepted and reserved by previous owners, however, to the extent the same are owned and held by the Reorganized Debtor, the same are included herein, subject to the rights of the Lessee of the coal estate.

29. The purchaser shall be deemed to have released any and all claims it may have against the estate/ Reorganized Debtor, or any of them, or that it may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to contribution or indemnification or for direct liability under state or federal common law, CERCLA, the Surface Mine & Reclamation Act, the Clean Streams Act, or any comparable state or federal law, whether now existing or hereafter enacted, for the environmental liabilities arising out of conditions in, on, or

Document   Page 9 of 10

about the premises so purchased.

30. The Reorganized Debtor has not given nor been given any consideration for its agreement hereto except as herein set forth.

31. The scheduling of a party herein as a lien holder and/or interest holder, including but not limited to being scheduled as the holder of right of way and/or lien, statutory, judicial or consensual, is without prejudice to the rights of the Reorganized Debtor/ estate, and/or any party in interest to challenge the validity, extent, and/or priority thereof, and/or to challenge the claim as to the debt, and/or the amount alleged due and owing thereon.

32. In the event of the failure of the purchaser to close within the required time frame, (or such extensions, not to exceed 30 days as the Reorganized Debtor, in its sole and exclusive discretion, may accord to the purchaser) the Reorganized Debtor may, at its option, declare a default, retain the deposit for the benefit of the estate, and resell the premises, in which case the purchaser shall be liable for any deficiency, unless said failure refusal to close is the result of the failure of the Reorganized Debtor/ Estate to have complied with the terms of this Motion and related Order, or the conditions of sale are not able to be satisfied, despite reasonable efforts by the purchaser.

33. Real estate taxes shall be pro-rated on a fiscal year basis, between the buyer and estate, and rents for the month in which closing occurs shall be pro-rated on a daily basis.

.

WHEREFORE the Reorganized Debtor does pray this Court to issue an Order authorizing, approving and confirming the sale of the subject parcels of realty aforesaid upon the terms herein set forth, and further, it does authorize its attorneys, SPENCE, CUSTER, SAYLOR, WOLFE & ROSE, LLC to file the instant Motion on its behalf.

        Spence, Custer, Saylor, Wolfe & Rose, LLC
By  /s/ James R. Walsh
James R. Walsh, Esquire
1067 Menoher Blvd.
Johnstown, PA  15905
Pa. I.D. # 27901
(814) 536-0735
Attorneys For Movant/ Reorganized Debtor
jwalsh@spencecuster.com